IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROLYN RUSIN, individually, and on behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) | Case No. 1:12-cv-01135 |
| ) | |
| v. ) | Hon. Edmond E. Chang |
| ) | |
| CHICAGO TRIBUNE COMPANY, ) ) | |
| Defendant. ) | |

**ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT,
SCHEDULING HEARING FOR FINAL APPROVAL OF, AND
APPROVING PROPOSED CLASS NOTICE**

WHEREAS, the Parties have made application for an order preliminarily approving the settlement of this Litigation as stated in the Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation upon the terms and conditions set forth therein;

WHEREAS, the Court has read and considered the Settlement Agreement, the exhibits attached thereto, and the briefing submitted in support of preliminary approval of the Settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court hereby preliminarily approves the Settlement Agreement and the Settlement set forth therein as being fair, reasonable and adequate. The Settlement Agreement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

2. The Court has considered the pleadings and arguments made by the parties in support of the motion for preliminary settlement approval and finds that the proposed Settlement Class is

proper and the IMWL class should be certified. Solely for purposes of the proposed Settlement, a Settlement Class is hereby certified pursuant to Fed. R. Civ. P. 23 as follows:

> All persons who worked for Defendant as field reporters for Trib Local between February 7, 2009 and September 29, 2012 ("Class Period") (herein the "Class" or "Settlement Class").

The Court specifically finds (i) the class is so numerous that joinder is impracticable; (ii) common questions of fact and law exist; (iii) the Named Plaintiff's claims are typical of the class's claims; and (iv) the Class Representative will be able to fairly and adequately protect the interests of the class. In addition, the Court finds that questions of law or fact common to the class predominate over questions affecting individual members, and the class action is superior to other available methods. Certification of the Settlement Class for settlement purposes is the best means for protecting the interests of all of the Settlement Class Members.

.The Court does hereby approve Douglas M. Werman and Maureen A. Salas of Werman Law Office, P.C. as Class Counsel. The Court also approves Carolyn Rusin as Class Representative.

4. The Court does hereby appoint Class Counsel to issue Settlement Notices to Class Members consistent with the terms of the Parties' Settlement Agreement.

5. A hearing, for purposes of determining whether the settlement should be finally approved, shall be held before this Court on June 4, 2013, at 10:00 a.m., in courtroom 1403 of the U.S. District Court, 219 S. Dearborn, Chicago, Illinois. At the hearing, the Court will hear final arguments concerning whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court. The Court will also hear at that time any objections submitted by Class Members. The Court will also consider Class Counsel's request for an award of attorneys' fees and costs and for a Service Award to be made to the Class Representative.

6. The Court approves, as to form and content, the Summary Notice and Complete Notice, as attached as Exhibits B and C to the Joint Stipulation and Agreement to Settle Class Action Claims, and finds that the distribution

of the Class Notice set forth in Section V, Paragraph 14 of the Settlement Agreement: (1) meets the requirements of federal law and due process; (2) is the best notice practicable under the circumstances; and (3) shall constitute due and sufficient notice to all individuals entitled thereto.

7.  All Class Members who are entitled to opt-out of the Settlement Class and do not do so shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

8.  Class Members shall not be required to submit a claim form to participate in the Settlement and receive a monetary award.

9.  Class Counsel shall mail the Class Notice to Class Members on February 26, 2013.

10. Within sixty-three (63) days of the mailing of the Class Notice, or on or before April 30, 2013, Class Members objecting to the terms of the settlement must do so in writing. The written objection must be sent to the Clerk of the Court and Class Counsel, postmarked on or before this date.

11. Within sixty-three (63) days of the mailing of the Class Notice, or on or before April 30, 2013, Class Members who wish to exclude themselves from (opt out) the Settlement Class and not participate in the proposed Settlement must submit a written request for exclusion to Class Counsel. Class members submitting opt-out statements shall sign and date the statement, include their address and the last four digits of the social security number they used while working for Defendant, and shall send the request for exclusion to the Class Counsel.

12. Any member of the Settlement Class may enter an appearance in the Litigation, at his or her own expense, individually or through counsel of his or her own choice. Any member of the Settlement Class who does not enter an appearance or opt out of the Settlement Class will be represented by Class Counsel.

13. Any member of the Settlement Class may appear at the Final Approval Hearing and show cause, if any, why: (1) the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate; (2) why a judgment should or should not be entered thereon; (3) why attorneys' fees should or should not be awarded to Class Counsel; and/or (4) why the Class Representative should or should not receive extra compensation in the form of a Service Award. However, no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving

the same, or, if awarded, compensation for the Class Representative or the attorneys' fees and costs awarded to Class Counsel, unless that person has, no later than sixty-three (63) days after mailing of Class Notice to the Settlement Class, served by hand or by first class mail on the Claims Administrator, written objections, and copies of any papers and briefs in support thereof, explaining the basis of the objection. All timely filed and served objections also shall be filed with the Clerk of the Court and considered and ruled upon by the Court at the Final Approval Hearing. Any member of the Settlement Class who does not timely file and serve his or her objection in the manner provided above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement and any award of attorneys' fees and costs awarded to Class Counsel, unless otherwise ordered by the Court.

14. Class Counsel shall file their petition for an award of attorneys' fees no later than seven (7) days prior to the Final Approval Hearing, on or before May 28, 2013.

15. All papers in support of the Settlement shall be filed no later than seven (7) days prior to the Final Approval Hearing, on or before May 28, 2013.

16. At the Final Approval Hearing, the Court shall determine whether the proposed Settlement, and any application for attorneys' fees or reimbursement of costs, shall be approved.

17. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Class members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

DATED: February 5, 2013

_____
HONORABLE JUDGE EDMOND E. CHANG