IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLYN RUSIN, individually, and on behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.  1:12-cv-01135 |
| v. | ) ) | Hon. Edmond E. Chang |
| CHICAGO TRIBUNE COMPANY, | ) ) ) | |
| Defendant. | ) | |

**JOINT MOTION TO AMEND THE ORDER GRANTING PRELIMINARY APPROVAL
OF THE PARTIES' CLASS ACTION SETTLEMENT AGREEMENT**

The Parties, through their counsel, move to modify the Court's February 5, 2013 Order (ECF No. 30), granting preliminary approval of the Parties' class action settlement agreement (1) to provide a supplemental Notice to Class Members, (2) to modify the date for Class Members to exclude or object to the Settlement, and (3) to re-schedule the Final Approval Hearing.  In support of this motion, the Parties state as follows:

1.      On February 5, 2013, this Court granted preliminary approval of the Parties' Settlement Agreement which resolved the overtime claims of a class of persons who worked for Defendant as field reporters for Trib Local between February 7, 2009 and September 29, 2012.

2.      Under the terms of the Parties' Settlement, and as Ordered by the Court, the following deadlines were set:

   a. Class Counsel shall mail the Class Notice to Class Members on February 26, 2013 (ECF No. 30, ¶ 9);

   b. On or before April 30, 2013, Class Members objecting to the terms of the Settlement must do so in writing. The written objection must be sent to the

Clerk of the Court and Class Counsel, postmarked on or before this date (ECF No. 30, ¶ 10);

c.  On or before April 30, 2013, Class Members who wish to exclude themselves from (opt out) the Settlement Class and not participate in the proposed Settlement must submit a written request for exclusion to Class Counsel. Class members submitting opt-out statements shall sign and date the statement, include their address and the last four digits of the social security number they used while working for Defendant, and shall send the request for exclusion to the Class Counsel (ECF No. 30, ¶ 11);

3.      The Court's order granting preliminary approval set a final approval hearing for June 4, 2013.

4.      Following preliminary approval, and consistent with the Court's order, Class Counsel issued notice to the 46 Class Members on February 26, 2012.

5.      Following the issuance of notice, thirty (30) class members contacted Class Counsel by telephone to get more information about the Settlement. Several class members indicated they thought they worked as a reporter for Trib Local for a longer period of time than as identified by the data produced by Chicago Tribune and one class member indicated working as a field reporter for less time than as identified by the data produced by Chicago Tribune. Class Counsel conferred with Defendant's Counsel on the issues raised by Class Members. Defendant looked into the issues raised by Class Members and determined that the data they had provided to Plaintiff did in fact include incorrect dates of employment that certain Class Members worked as field reporters for Trib Local.

6.      Defendant provided Class Counsel with supplemental and corrected data showing the dates that Class Members worked in the job position of field reporter for Trib Local. The last tranche of data was produced on April 29, 2013.  Class Counsel reviewed that information and compared it to the data used to compute Class Members' damages.   Based on the corrected dates, Class Counsel recomputed Class Members' pro rata shares consistent with Section V.9 of the Parties' Settlement Agreement.

7.      Class Members' revised pro rata shares are identified on Exhibit 2.

8.      The Parties request that the Court approve the form of the letter and supplemental notice attached as Exhibit 3. The letter identifies the dates the class member worked in the field reporter job position and the supplemental notice contains their revised estimated pro rata shares.

9.      Plaintiffs' Counsel can distribute the revised notice within seven days after the Court approves the corrective notice.  The Parties request that the Court modify the preliminary approval order to allow class members to file requests for exclusion or objections within twenty-one (21) days of the mailing of the corrective notice.

10.     The Parties request that the Court modify the preliminary approval order to re-schedule the final approval hearing to June 26, 2013.

11.     To date, no class member has filed an objection to the settlement and no class member has excluded himself or herself from the settlement.

WHEREFORE, the Parties respectfully request that this Court grant their Joint Motion To Amend the Order Granting Preliminary Approval of the Parties' Class Action Settlement Agreement and enter the order attached as Exhibit 1.

Respectfully submitted,

Dated:  April 30, 2013


s/Douglas M. Werman                          s/Kyle A. Petersen
Douglas M. Werman (dwerman@flsalaw.com)      Noah A. Finkel (nfinkel@seyfarth.com)
Maureen A. Salas(msalas@flsalaw.com)         Kyle A. Petersen (kpetersen@seyfarth.com)
David E. Stevens (dstevens@flsalaw.com)      Seyfarth Shaw LLP
Werman Law Office, P.C.                       131 South Dearborn Street, Suite 2400
77 W. Washington Street, Suite 1402           Chicago, IL  60603
312-419-1008                                  312-460-5000

Attorneys for Plaintiff                       Attorneys for Defendant

4